UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER MARTINEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>USAA FEDERAL SAVINGS BANK et al.,<br><br>        Defendants. | Case No.: 2:14-cv-00567-RCJ-PAL<br><br>**ORDER** |

This case arises out of the foreclosure of the mortgage of non-parties, from whom Plaintiff received a quit claim deed. Pending before the Court are three Motions to Dismiss (ECF Nos. 11, 13, 20). For the reasons given herein, the Court grants the motions.

**I.    FACTS AND PROCEDURAL HISTORY**

Non-parties Daniel and Yuliana Melendes (collectively, "Borrowers") gave lender USAA Federal Savings Bank ("USAA") a promissory note in the amount of $245,760 (the "Note") and, as security therefor, a deed of trust (the "DOT") against real property at 6408 Sea Swallow St., North Las Vegas, NV 89084 (the "Property"). (*See* DOT 1–3, July 28, 2009, ECF No. 13-1). Non-party Michael J. Broker was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's nominee and the beneficiary of the DOT. (*See id.* 2). MERS later simultaneously assigned USAA's interest in the Note and its own interest in the DOT to GMAC

Mortgage, LLC ("GMAC"). (*See* Assignment, Jan. 4, 2011, ECF No. 13-2). The assignment of the Note and DOT to a common holder cured the initial split in the mortgage created in the DOT. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258–60 (Nev. 2012). GMAC then substituted Cooper Castle Law Firm, LLP ("CCLF") as trustee. (*See* Substitution, June 24, 2013, ECF No. 13-3). CCLF then filed a Notice of Default (the "NOD") and accompanying Affidavit of Authority (the "AA") based upon Borrowers' default since August 2010. (*See* NOD & AA, Aug. 7, 2013, ECF No. 13-4). The Deputy Director of the State of Nevada Foreclosure Mediation Program ("FMP") certified that the program did not apply to the Property. (*See* Certificate, Dec. 26, 2013, ECF No. 13-5). CCLF noticed a trustee's sale for March 26, 2014. (*See* Notice of Sale, Feb. 25, 2014, ECF No. 13-6).

After their default but before the NOD issued, Borrowers had given non-party Equity Housing LLC a quitclaim deed to the Property, (*see* Deed, Feb. 14, 2011, ECF No. 13-7), and Equity Housing LLC had subsequently given Plaintiff a quitclaim deed to the Property, (*see* Deed, May 3, 2013, ECF No. 13-10).

Plaintiff filed the present suit in state court less than a week prior to the scheduled trustee's sale, and the state court preliminarily enjoined the sale. Defendants removed and have moved to dismiss.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

The Court grants the motions. A quitclaim deed is simply a waiver of the grantor's right to claim superior title to the grantee. It does not vest in the grantee any title that the grantor does not possess. It certainly does not affect any third-party liens against the property. Plaintiff makes no allegations plausibly indicating that the foreclosure is not statutorily proper. The Court rejects Plaintiff's show-me-the-note and securitization-type arguments, as it has rejected those arguments in the past. The public records adduced prove Defendants' right to foreclose. Next, the claim for intentional infliction of emotional distress cannot be based on a proper foreclosure, which is not extreme and outrageous, and the TILA and RESPA claims fail because Plaintiff is not the borrower and therefore has no standing to bring those claims. *See Correa v. BAC Home Loans Servicing LP*, 853 F. Supp. 2d 1203 (M.D. Fla. 2012).

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 11, 13, 20) are GRANTED, and any injunctions in place against the sale of the property are LIFTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge