**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER MARTINEZ,

    Plaintiff,

vs.

USAA FEDERAL SAVINGS BANK et al.,

    Defendants.

Case No.: 2:14-cv-00567-RCJ-PAL

**ORDER**

This case arises out of the foreclosure of the mortgage of non-parties, from whom Plaintiff received a quit claim deed. The Court granted several motions to dismiss, lifted any injunctions in place against sale of the property, and entered judgment against Plaintiff. Defendants have now asked the Court to expunge the lis pendens. Because the Court has resolved the merits of the issues affecting title against Plaintiff, he can no longer justify the maintenance of a lis pendens against the Property, and the Court therefore grants the motion to expunge the lis pendens. *See* Nev. Rev. Stat. § 14.015(3). In his opposition to the present motion, Plaintiff reargues the merits of his claims, but the Court declines to reconsider.

Next, Plaintiff has moved for a new trial under Rule 59(a), but there has been no trial. Because the motion was filed within twenty-eight days of judgment, the Court interprets the motion as a motion to alter or amend the judgment under Rule 59(e). *See Am. Ironworks &*

*Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Plaintiff argues that the Court of Appeals' ruling in *In re MERS, Inc.*, No. 11-17615, 2014 WL 2611314 (9th Cir. 2014) requires reconsideration.

Plaintiff first notes that the Court of Appeals reversed the multi-district litigation trial court's dismissal of claims under Arizona's false documents statute, Ariz. Rev. Stat. § 33-420. *See id.* at *8 (ruling that the plaintiffs' allegations of "robosigning" were sufficient to state a claim of "forgery" under the Arizona statute).[1]  Plaintiff here has no claims under the Arizona statute.  *In re MERS* therefore provides no support for the motion to alter or amend the judgment based upon the civil law.

Next, Plaintiff cites to a Nevada criminal statute concerning the making of false statements of title and argues that *In re MERS* provides support for interpreting the statute to find that robosigning constitutes a violation. *See* Nev. Rev. Stat. § 205.395.  The Court expresses no opinion on whether robosigning can constitute a violation of section 205.395, however, because Plaintiff may not privately prosecute the criminal statutes.

Finally, Plaintiff argues that MERS had no ability to assign the promissory note.  But the Nevada Supreme Court has expressly ruled that certain language that typically appears in deeds of trust to which MERS is a party indeed gives MERS that ability:

> [I]n this case, MERS holds an agency relationship with New American Funding and its successors and assigns with regard to the note.  Pursuant to the express language of the deed of trust, "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender . . . ."  Accordingly, MERS, as an agent for New American Funding and its successors and assigns, had authority to transfer the note on behalf of New American Funding and its successors and assigns.

---

1 The Court of Appeals affirmed the trial court's dismissal of the other claims. *See generally id.*

*Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258 (Nev. 2012).  The very same language appears in the deed of trust in this case. (*See* DOT 3, July 28, 2009, ECF No. 13-1 ("MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender . . . .")).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Expunge Lis Pendens (ECF No. 42) is GRANTED, and the lis pendens as to the property, Clark County APN: 124-20-811-016, is EXPUNGED.

IT IS FURTHER ORDERED that the Motion for New Trial (ECF No. 43) is DENIED.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge